CONFORMED COPY

1  Robert A. Sacks (SBN 150146)
   sacksr@sullcrom.com
2  Brian R. England (SBN 211335)
   englandb@sullcrom.com
3  Edward E. Johnson (SBN 241065)
   johnsonee@sullcrom.com
4  SULLIVAN & CROMWELL LLP
   1888 Century Park East, Suite 2100
5  Los Angeles, California 90067-1725
   Tel.: (310) 712-6600
6  Fax: (310) 712-8800

7  Frank L. Bernstein (SBN 189504)
   fbernstein@kenyon.com
8  KENYON & KENYON LLP
   333 West San Carlos Street, Suite 600
9  San Jose, California 95110
   Tel.: (408) 975-7500
10 Fax: (408) 975-7501

11 *Attorneys for Plaintiff j2 Global Communications, Inc.*

FILED
CLERK, U.S. DISTRICT COURT
JUN 15 2009
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J2 GLOBAL COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VENALI, INC., <br><br> Defendant. | Case No. CV 04-1172 DDP (AJWx) <br><br> **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND PERMANENT INJUNCTION** <br><br> **DEMAND FOR JURY TRIAL** |

SULLIVAN & CROMWELL LLP

SECOND AMENDED COMPLAINT

Plaintiff j2 Global Communications, Inc. ("j2"), for its Second Amended Complaint against Defendant Venali, Inc. ("Venali"), alleges upon knowledge as to itself and its conduct and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, 283-285. This court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). In addition, the parties are of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, this court also has jurisdiction over this action under 28 U.S.C. § 1332.

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and § 1400(b). Defendant is doing business in this District and acts of infringement have occurred in this District.

## PARTIES

3. Plaintiff j2 is a corporation organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California, 90028. j2 provides messaging and communications services to millions of customers around the world.

4. Defendant Venali is a corporation organized under the laws of the State of Florida with its principal place of business at 6100 Blue Lagoon Drive, Suite 250, Miami, Florida 33126. Venali provides Internet facsimile messaging services to customers worldwide. Venali is doing business in California, including in this District. It solicits and has customers in this District and as part of its services offers telephone numbers in this District for use by its customers.

## FACTS

5. j2 is the owner, by assignment, of U.S. Patent No. 6,208,638, entitled "Method and Apparatus For Transmission And Retrieval Of Facsimile

And Audio Messages Over A Circuit Or Packet Switched Network," which was duly and legally issued to Jack Rieley and Jaye Muller on March 27, 2001, by the United States Patent and Trademark Office ("PTO"). A copy of the U.S. Patent No. 6,208,638 is attached to this complaint as Exhibit A.

6. On December 8, 2008, the PTO issued a Reexamination Certificate for U.S. Patent No. 6,208,638 (as reexamined, the "'638 Patent"). The Reexamination Certificate confirmed the patentability of claims 1 and 13, as amended, confirmed the patentability of claims 2-12 and 14-22, dependent on amended claims, and added new claims 23-40. A copy of the Reexamination Certificate for the '638 Patent is attached to this complaint as Exhibit B.

7. The claims of the '638 Patent are valid and enforceable.

8. j2 is the owner, by assignment, of U.S. Patent No. 6,597,688, entitled "Scalable Architecture For Transmission Of Messages Over A Network," which was duly and legally issued to Anand Narasimhan, Yaacov Shemesh, and Amit Kumar by the PTO on July 22, 2003. A copy of the U.S. Patent No. 6,597,688 is attached to this complaint as Exhibit C.

9. On March 11, 2008, the PTO issued a Reexamination Certificate for U.S. Patent No. 6,597,688 (as reexamined, the "'688 Patent"). The Reexamination Certificate confirmed the patentability of all the claims of the '688 Patent as originally issued by the PTO without amendment. A copy of the Reexamination Certificate for the '688 Patent is attached to this complaint as Exhibit D.

10. The claims of the '688 Patent are valid and enforceable.

11. j2 is the owner, by assignment, of U.S. Patent No. 6,350,066, entitled "Systems and Methods for Storing, Delivering and Managing Messages," which was duly and legally issued to Charles R. Bobo, II, by the PTO on February 26, 2002. A copy of U.S. Patent No. 6,350,066 is attached to this complaint as Exhibit E.

12. On April 15, 2009, the PTO issued a Reexamination Certificate for U.S. Patent No. 6,350,066 (as reexamined, the "'066 Patent"). The Reexamination Certificate cancelled claims 1-35 but added new claims 36-57. A copy of the Reexamination Certificate for the '066 Patent is attached to this complaint as Exhibit F.

13. The claims of the '066 Patent are valid and enforceable.

14. Because they have been subjected to and been issued following reexamination, the '638 Patent, '688 Patent and '066 Patent each enjoys an enhanced presumption of validity.

15. Venali offers its customers a variety of what it describes as "solutions," including in-bound and out-bound Internet fax solutions. An in-bound Internet fax service delivers faxes sent to customers as attachments to emails. An out-bound Internet fax service delivers emails sent by customers to the recipients as faxes.

16. According to Venali's description of its in-bound solution, "Venali assigns an in-bound fax number to the user's email address. All faxes sent to that number are routed through a secure network, and arrive in the user's existing email inbox as a TIFF or PDF attachment."

17. The systems and methods employed by Venali in providing its in-bound Internet fax solution infringe one or more claims of the '638 Patent, including but not limited to Claim 13.

18. According to Venali's description of its out-bound solution, users can "[s]imply address an email message to the recipient's fax number and attach the document(s) the same way [they] would attach documents when sending an email. Attached documents are sent to Venali's secure global fax network, converted to a digital format and automatically forwarded to the specified fax number."

19. The systems and methods employed by Venali in providing its out-bound Internet fax solution infringe one or more claims of the '688 Patent, including but not limited to Claim 19.

20. Venali also offers its customers the "Venali Account Management Center," which it describes as follows: "A powerful administrative tool, the Venali Account Management Center assists enterprises in controlling communication costs by monitoring fax activity and account information. With this valuable resource, authorized users can view, track and analyze current and past fax transmissions in real-time, 24/7. Data reports are provided in summary form or graphs and charts for easy reference."

21. Additionally, Venali offers its customers a "Document Archiving" functionality, which it describes as allowing users "to manage and share stored information. Fax communications are centralized and stored on the Venali network within a single database, which makes it easier to search for and retrieve information when needed. Electronic files can be saved, printed, and retrieved securely, within seconds."

22. The systems and methods employed by Venali in providing the Venali Account Management Center and Document Archiving functionality infringe one or more claims of the '066 Patent, including but not limited to Claims 36, 43 and 50.

23. Venali is and has been aware of the '688 Patent for many years, since following its original issuance and long before all of the claims were issued by the PTO without amendment following a reexamination that Venali itself initiated, but Venali has elected to willfully disregard and infringe upon j2's patent rights.

24. Venali is and has been aware of the '066 Patent and the '638 Patent since the issuance of Reexamination Certificates by the PTO, but Venali has elected to willfully disregard and infringe upon j2's patent rights.

25. Unless enjoined by this Court, Venali will continue to infringe the '638 Patent, the '688 Patent, and the '066 Patent.

26. This is an exceptional case under 35 U.S.C. § 285.

## COUNT I

## CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271 ('638 PATENT)

27. j2 incorporates by reference the allegations in paragraphs 1 through 26 of this complaint.

28. Venali has offered to sell and provide, has sold and provided, and continues to offer to sell and provide and to sell and provide, in the United States and in this District, products and services that infringe one or more claims of the '638 Patent, including, but not limited to, Claim 13.

29. Venali's infringement of the '638 Patent has been and continues to be willful.

30. Unless enjoined by this Court, Venali will continue to infringe the claims of the '638 Patent.

31. By reason of the foregoing, Venali has caused j2 damages in the amount of at least a reasonable royalty for Venali's continued infringement of the '638 Patent, to which j2 is entitled.

## COUNT II

## CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271 ('688 PATENT)

32. j2 incorporates by reference the allegations in paragraphs 1 through 26 of this complaint.

33. Venali has offered to sell and provide, has sold and provided, and continues to offer to sell and provide and to sell and provide, in the United States and in this District, products and services that infringe one or more claims of the '688 Patent, including, but not limited to, Claim 19.

34. Venali's infringement of the '688 Patent has been and continues to be willful.

35. Unless enjoined by this Court, Venali will continue to infringe the claims of the '688 Patent.

36. By reason of the foregoing, Venali has caused j2 damages in the amount of at least a reasonable royalty for Venali's continued infringement of the '688 Patent, to which j2 is entitled.

## COUNT III
## CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271 ('066 PATENT)

37. j2 incorporates by reference the allegations in paragraphs 1 through 26 of this complaint.

38. Venali has offered to sell and provide, has sold and provided, and continues to offer to sell and provide and to sell and provide, in the United States and in this District, products and services that infringe one or more claims of the '066 Patent, including, but not limited to, Claims 36, 43 and 50.

39. Venali's infringement of the '066 Patent has been and continues to be willful.

40. Unless enjoined by this Court, Venali will continue to infringe the claims of the '066 Patent.

41. By reason of the foregoing, Venali has caused j2 damages in the amount of at least a reasonable royalty for Venali's continued infringement of the '066 Patent, to which j2 is entitled.

## PRAYER FOR RELIEF

WHEREFORE, j2 demands judgment on its Complaint as follows:

A. A permanent injunction against Venali's continued infringement of the '638 Patent;

   B.   An award of damages in an amount of at least a reasonable royalty for Venali's infringement of the '638 Patent;

   C.   A permanent injunction against Venali's continued infringement of the '688 Patent;

   D.   An award of damages in an amount of at least a reasonable royalty for Venali's infringement of the '688 Patent;

   E.   A permanent injunction against Venali's continued infringement of the '066 Patent;

   F.   An award of damages in an amount of at least a reasonable royalty for Venali's infringement of the '066 Patent;

   G.   A trebling, pursuant to 35 U.S.C. § 284, of any and all damages awarded for Venali's infringement of the '638, '688, and '066 Patents;

   H.   A finding that this is an exceptional case under 35 U.S.C. § 285;

   I.   An award, pursuant to 35 U.S.C. § 285, of reasonable attorneys' fees;

   J.   An award of interest and costs; and

K. Such other and further relief as the Court deems proper.

Dated: June 1, 2009

Respectfully submitted,

*Robert A. Sacks /EEJ*
Robert A. Sacks (SBN 150146)
Brian R. England (SBN 211335)
Edward E. Johnson (SBN 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
(310) 712-6600
(310) 712-8800 facsimile

Frank L. Bernstein (SBN 189504)
KENYON & KENYON LLP
333 West San Carlos Street, Suite 600
San Jose, California 95110
(408) 975-7500
(408) 975-7501 facsimile

*Attorneys for Plaintiff j2 Global Communications, Inc.*

## DEMAND FOR TRIAL BY JURY

Plaintiff j2 Global Communications, Inc. hereby demands a trial by jury.

Dated: June 1, 2009

Respectfully submitted,

*Robert A. Sacks /EEJ*
Robert A. Sacks (SBN 150146)
Brian R. England (SBN 211335)
Edward E. Johnson (SBN 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
(310) 712-6600
(310) 712-8800 facsimile

Frank L. Bernstein (SBN 189504)
KENYON & KENYON LLP
333 West San Carlos Street, Suite 600
San Jose, California 95110
(408) 975-7500
(408) 975-7501 facsimile

*Attorneys for Plaintiff j2 Global Communications, Inc.*