Robert A. Sacks (SBN 150146)
sacksr@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
Edward E. Johnson (SBN 241065)
johnsonee@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.:   (310) 712-6600
Fax:   (310) 712-8800

*Attorneys for Plaintiff j2 Global Communications, Inc.*

John C. Carey (*pro hac vice*)
jcarey@crgplaw.com
Douglas L. O'Keefe (*pro hac vice*)
dokeefe@crgplaw.com
CAREY RODRIGUEZ GREENBERG & PAUL, LLP
1395 Brickell Avenue, Suite 700
Miami, Florida  33131
(305) 372-7474
(305) 372-7475 facsimile

*Attorneys for Defendant Venali, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J2 GLOBAL COMMUNICATIONS, INC.,<br><br>             Plaintiff,<br><br>v.<br><br>VENALI, INC.,<br><br>             Defendant. | Case No.  04-1172 DDP (AJWx)<br><br>JOINT RULE 26(f) REPORT FOR SCHEDULING CONFERENCE<br><br>Date:   October 16, 2009<br>Time:   2:30 p.m.<br>Ctrm:   Hon. Dean D. Pregerson |

Plaintiff j2 Global Communications, Inc. ("j2") and Defendant Venali, Inc. ("Venali") hereby submit the following Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and C.D. Cal. Local Rule 26-1.  The parties are submitting identical Joint Reports[1] in each of the related cases for which a Scheduling Conference is set for October 16, 2009 (*j2 Global Communications, Inc.* v. *Venali, Inc.*, No. 04-1172; *j2 Global Communications, Inc.* v. *Protus IP Solutions, Inc.*, No. 05-5610; *j2 Global Communications, Inc.* v. *Protus IP Solutions, Inc.*, No. 09-4146; *j2 Global Communications, Inc.* v. *Packetel, Inc.*, No. 09-3240; *j2 Global Communications, Inc.* v. *Captaris, Inc.*, No. 09-4150; *j2 Global Communications, Inc.* v. *EasyLink Services International Corporation*, No. 09-4189; and *j2 Global Communications, Inc.* v. *Comodo Group, Ltd.*, No. 09-4197 (together, the "Related Actions").

**I.     Case Synopsis**

A brief procedural history of each of the Related Actions is as follows: (1)     **j2 Global Communications, Inc. v. Venali, Inc., No. 04-1172**: j2 filed the *Venali* action on February 20, 2004, alleging infringement of U.S. Patent Numbers 6,208,638 (the "'638 Patent"), 6,597,688 (the "'688 Patent"), 6,350,066 (the "'066 Patent") and 6,564,321 (the "'321 Patent").  That action was stayed on January 11, 2006 pending a reexamination by the U.S. Patent & Trademark Office ("USPTO") at the request of Venali of the '638 Patent, the '688 Patent and the '066 Patent.  At the time the action was stayed, the parties had filed their opening *Markman* briefs as to the patents-in-suit (based on the claims as contained in the patents-in-suit prior to reexamination) and fact discovery was ongoing.

On June 16, 2008, Protus filed a request for a re-examination of the '321 Patent, which was granted by the USPTO on August 14, 2008.  The re-examination of the '321 Patent is still pending.

---

[1] The Joint Report in *j2 Global Communications, Inc.* v. *Venali, Inc.* differs slightly from the other Reports.

1    On March 11, 2008, the USPTO issued a reexamination certificate for the
2    '688 Patent without amendment to any of its claims. On December 8, 2008, the
3    USPTO issued a reexamination certificate for the '638 Patent, amending all original
4    claims therein and adding new claims. On May 5, 2009, the USPTO issued a
5    reexamination certificate for the '066 Patent, canceling all original claims therein
6    and adding new claims.
7    On May 6, 2009, at the request of j2, this Court lifted the stay of this action
8    and dismissed the '321 Patent from the case. On June 15, 2009, j2 filed a Second
9    Amended Complaint against Venali asserting infringement of the '638, '066 and
10   '688 patents. Venali has denied any liability for j2's allegations of infringement,
11   has alleged affirmative defenses, and has asserted counterclaims for declaratory
12   judgment that the patents have not been infringed and are invalid.
13   (2)   *j2 Global Communications, Inc.* v. *Protus IP Solutions, Inc.*, **No. 05-5610**:
14   j2 filed the *Protus* action on August 2, 2005, alleging infringement of the '638
15   Patent, the '066 Patent and the '321 Patent. That action was stayed by the Court on
16   January 11, 2006 based on the pending reexaminations of the '638 and '066
17   Patents.
18   On May 1, 2009, at the request of j2, the Court lifted the stay of the *Protus*
19   action and dismissed the '321 Patent from the case. On June 30, 2009, j2 filed an
20   Amended Complaint against Protus asserting infringement of the '638 and '066
21   Patents. Protus has denied any liability for j2's allegations of infringement, has
22   pleaded myriad affirmative defenses, and has asserted counterclaims for declaratory
23   judgment that the patents have not been infringed and are invalid.
24   (3)   *j2 Global Communications, Inc.* v. *Protus IP Solutions, Inc.*, **No. 09-4146**:
25   j2 filed a second action against Protus on May 29, 2008 in the United States District
26   Court for the Eastern District of Texas, alleging infringement of the '688 Patent as
27   well as U.S. patent number 7,020,132 (the "'132 Patent"). On May 19, 2009, at the
28   joint request of j2 and Protus, the second *Protus* action was transferred to this

- 2 -      JOINT RULE 26(F) REPORT FOR SCHEDULING CONFERENCE

Court. Protus has denied any liability for j2's allegations of infringement, has alleged affirmative defenses, and has asserted counterclaims for declaratory judgment that the patents have not been infringed and are invalid. Protus has also alleged that j2 engaged in inequitable conduct before the USPTO in connection with the prosecution and/or re-examination of the patents-in-suit.

(4)   *j2 Global Communications, Inc.* **v.** *Packetel, Inc.*, **No. 09-3240**: j2 filed the *Packetel* action on May 7, 2009, alleging infringement of the '638 Patent. Packetel has denied liability for j2's allegations of infringement, has alleged affirmative defenses and has asserted counterclaims for declaratory judgment that the patents have not been infringed and are invalid. j2 has informed Packetel that it intends to seek to amend its complaint to assert additional claims for infringement of the '688 and '132 Patents.

(5)   *j2 Global Communications, Inc.* **v.** *Captaris, Inc.*, **No. 09-4150**: j2 filed the *Captaris* action on June 26, 2008 in the United States District Court for the Eastern District of Texas, alleging infringement of the '688 and '132 Patents. On May 19, 2009, at the joint request of j2 and Captaris, the *Captaris* action was transferred to this Court.

Captaris has denied liability for j2's allegations of infringement and has asserted counterclaims in this action for non-infringement of the '688 and '132 Patents, invalidity of the '688 and '132 Patents, unenforceability based on inequitable conduct, violations of Section 2 of the Sherman Act, and restraint of trade in violation of the California Business and Professions Code.

On September 15, 2009, pursuant to stipulation, j2 filed an amended complaint against Captaris, asserting infringement of the '638 and '066 Patents. Captaris' answer to the Amended Complaint is due on October 16, 2009.

(6)   *j2 Global Communications, Inc.* **v.** *EasyLink Services International Corporation*, **No. 09-4189**: j2 filed the *EasyLink* action on June 26, 2008 in the United States District Court for the Eastern District of Texas, alleging infringement

of the '688 and '132 Patents. On May 19, 2009, at the joint request of j2 and EasyLink, this action was transferred to this Court. Easylink has denied any liability for j2's allegations of infringement, has alleged affirmative defenses, and has asserted counterclaims for declaratory judgment that the patents have not been infringed and are invalid.

(7) *j2 Global Communications, Inc.* v. *Comodo Group, Ltd.*, **No. 09-4197**: j2 filed the *Comodo* action on June 30, 2008 in the United States District Court for the Eastern District of Texas, alleging infringement of the '688 and '132 Patents. On May 19, 2009, at the joint request of j2 and Comodo, the *Comodo* action was transferred to this Court. Comodo has denied any liability for j2's allegations of infringement, has pleaded myriad affirmative defenses and has asserted counterclaims for declaratory judgment that the patents have not been infringed and are invalid.

## II. Changes in Timing, Form or Requirements for Initial Disclosures. [Rule 26(f)(3)(A)]

The parties do not contemplate any changes to the disclosures under Fed. R. Civ. P. 26(a)(1), and shall exchange such disclosures by October 19, 2009, in the cases in which initial disclosures have not previously been exchanged.

## III. Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases or Be Limited To or Focused on Particular Issues. [Rule 26(f)(3)(B)]

### A. Subjects on Which Discovery May Be Needed and Whether Discovery Should Be Limited To or Focused on Particular Issues.

The parties are presently unsure of all of the subjects on which discovery may be needed. The parties have begun exchanging, and expect to continue exchanging, written and document discovery on issues of patent infringement, willful patent infringement, patent validity, and patent damages, including, but not limited to, technical information and documentation on which parties may rely to support or rebut infringement contentions; information and

1  documentation on which parties may rely to support or rebut willfulness
2  contentions; prior art and other documents on which parties may rely to support or
3  rebut invalidity contentions; and financial information on which parties may rely to
4  support or rebut damages contentions.

5        Additionally, in *j2 Global Communications, Inc.* v. *Captaris Inc.*, the
6  parties have begun exchanging, and expect to continue exchanging, written and
7  document discovery regarding Captaris' antitrust counterclaims, including but not
8  limited to information and documentation regarding market definition, injury to the
9  market, j2's alleged anticompetitive conduct, j2's alleged monopoly power or threat
10 thereof, and Captaris' alleged injury.

**B.     When Discovery Should Be Completed and Whether Discovery Should Be Conducted in Phases.**

The parties contemplate separate deadlines for completing claim construction discovery, fact discovery and expert discovery.

The parties' proposed schedule is as follows:

| | |
|---|---|
| Plaintiff to proffer infringement contentions | Oct. 30, 2009 |
| Defendants to proffer invalidity contentions | Dec. 4, 2009 |
| Exchange of proposed claim terms | Jan. 22, 2010 |
| Exchange of joint claim construction statement | Feb. 15, 2010 |
| Opening *Markman* briefs due (simultaneous) | March 31, 2010 |
| Opposition *Markman* briefs due (simultaneous) | April 16, 2010 |
| Reply *Markman* briefs due[2] | April 30, 2010 |
| *Markman* Hearing | On or after May 14, 2010 |
| Fact Discovery Cutoff | *Markman* order + 120 days |

---

[2] j2 and Venali believe that, because each side is submitting two other briefs, Reply briefs are unnecessary.

| | |
|---|---|
| | (approx. Sept. 10, 2010)[3] |
| Rule 26 expert disclosures due on issues which parties have burden of proof | *Markman* order + 120 days (approx. Sept. 10, 2010) |
| Deadline to depose experts | *Markman* order + 150 days (approx. Oct. 11, 2010) |
| Rule 26 disclosures for rebuttal experts | *Markman* order + 165 days (approx. Oct. 26, 2010) |
| Deadline to depose rebuttal experts | *Markman* order + 200 days (approx. Nov. 30, 2010) |
| Deadline for filing summary judgment motions | *Markman* order + 210 days (approx. Dec. 10, 2010) |
| Oppositions to summary judgment due | *Markman* order + 230 days (approx. Dec. 30, 2010) |
| Replies for summary judgment due | *Markman* order + 241 days (approx. Jan. 10, 2011) |
| Summary judgment hearing | (approx. Jan. 17, 2011) |
| Deposition designations due | No later than 30 days prior to Trial Date (approx. Jan. 24, 2011) |
| Objections and rebuttal designations due | No later than 25 days prior to Trial Date (approx. Jan. 28, 2011) |

---

[3] The approximated dates were calculated by using the *Markman* hearing date as the date upon which this Court will issue its *Markman* order.

| | |
|---|---|
| Motions *in limine* due | No later than 20 days prior to Trial Date (approx. Feb. 2, 2011) |
| Joint pretrial order due | No later than 19 days prior to trial date (approx. Feb. 3. 27, 2011) |
| Oppositions to motions *in limine* due | No later than 10 days prior to Trial Date (approx. Feb. 11, 2011) |
| Final Pretrial Conference | 8 days prior to Trial Date (approx. Feb. 14, 2011) |
| Trial Begins | On or after February 22, 2011 |

The parties expect that the trials of these actions will be separate (with the exception that j2 believes the two Protus actions should be consolidated, as noted in Part VII below). Therefore, although the parties propose using a single schedule to govern discovery and dispositive motions in all of the Related Actions, the dates related to *in limine* motions and the draft Pretrial Order and the dates for the pre-trial conference and trial would be different in each action. The dates in the schedules above would be for the first of the Related Actions to be tried.

j2 believes that the order in which the cases are tried should be based upon how long they have been pending. Thus, *j2 Global Communications, Inc.* v. *Venali, Inc.*, No. 04-1172, should be tried first, because it was the first of the Related Actions to be filed and has now been pending for over five years.

Venali does not oppose having its case tried first, but believes the order of trial should be determined closer to the proposed trial date.

Defendants believe that at this early stage, it is unnecessary to set the

JOINT RULE 26(F) REPORT FOR SCHEDULING CONFERENCE

order of trials, especially since the number of parties, the asserted claims and the complexity of certain cases may change in light of claim construction and other unforeseen developments. Defendants therefore believe it would be more sensible and efficient for the Court to set the order of trials at a later stage.

## IV. Any Issues About Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which It Should Be Produced. [Rule 26(f)(3)(C)]

To the extent disclosure of electronically stored information is necessary, the parties intend to cooperate to ensure that any such disclosure is in a form easily usable by the receiving party.

## V. Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials. [Rule 26(f)(3)(D)]

In the cases transferred from the Eastern District of Texas (*j2 Global Communications, Inc.* v. *Protus IP Solutions, Inc.*, No. 09-4146, *j2 Global Communications, Inc.* v. *Captaris, Inc.*, No. 09-4150; *j2 Global Communications, Inc.* v. *EasyLink Services International Corporation*, No. 09-4189; and *j2 Global Communications, Inc.* v. *Comodo Group, Ltd.*, No. 09-4197), a stipulated protective order was entered prior to those actions being transferred to this Court. The protective orders in these cases are slightly different from each other.

In the other cases, the parties agree that a protective order will be necessary to protect proprietary, trade secret, or other confidential information and documentation that will be produced by the parties and possibly third parties or otherwise disclosed in proceedings before the Court. The parties will cooperate in an effort to promptly provide a stipulated proposed protective order for the consideration of the Magistrate Judge for each of the Related Actions.

## VI. What Changes Should Be Made in the Discovery Limits and What Other Limitations Should Be Imposed. [Rule 26(f)(3)(E)]

The parties have agreed that it is not necessary to alter the presumptive

1 limit on the number of interrogatories in Rule 33(a).

2 j2 proposes that the depositions of the inventors of the patents-in-suit
3 and of any officer, director or employee of j2 be presumptively limited to two
4 seven-hour days in all of the Related Actions, with the time to be divided among
5 defendants. Those depositions will cover the same subject matter in each of the
6 cases, and therefore it would be duplicative and unduly burdensome for each of the
7 six defendants to conduct a separate deposition of those witnesses, especially given
8 that the same law firm, Loeb & Loeb, represents four of the defendants in five of
9 the cases. The parties would be free to agree on shorter or longer periods as
10 appropriate.

11 Defendants do not believe that their presumptive right to depose the
12 inventors or j2 officers, directors and agents in accordance with the Federal Rules
13 of Civil Procedure can be denied simply because j2 has chosen to file multiple
14 lawsuits or because certain Defendants have common representation. Defendants
15 believe that j2 must accept any discovery burden associated with its own decision to
16 simultaneously prosecute 7 lawsuits. Moreover, each Defendant's Accused
17 Product(s) operates differently and Defendants also do not agree that the referenced
18 depositions in each case will be duplicative or focused on the same subject matter.

19
**VII. Any Other Orders the Court Should Issue Under Rule 26(c) or Under Rule 16(b) or (c). [Rule 26(f)(3)(F)]**
20

21 j2 believes that the two cases against Protus IP Solutions, Inc., case
22 numbers 05-5610 and 09-4146, should be consolidated, and is contemplating a
23 motion to that effect. Protus opposes consolidation of those cases.

24 **VIII. Whether The Case Is Complex. [L.R. 26-1(a)]**

25 The parties agree that the procedures in the Manual for Complex
26 Litigation are neither appropriate nor necessary for this matter.

27

28

**IX. The Dispositive or Partially Dispositive Motions That Are Likely To Be Made, and a Cutoff Date by Which All Such Motions Shall Be Made. [L.R. 26-1(b)]**

The parties presently are unsure as to which dispositive or partially dispositive motions, if any, they will make. The parties' proposals for a cutoff date are set forth as part of the schedule in Part III, *supra*.

**X. The Likelihood of Settlement, Whether Settlement Discussions Have Taken Place or Are Scheduled, and Which Mandatory Settlement Procedure Should Be Utilized Under L.R. 16-14. [L.R. 26-1(c)]**

The parties have encouraged their business people to engage in settlement discussions. Pursuant to Local Rule 16-15.4, while the Plaintiff prefers Settlement Procedure No. 3, all of the Defendants in each Related Action believe that the Settlement Procedure No. 1 should be the mandatory settlement procedure that should be utilized in each Related Action.

**XI. Preliminary Estimate of Time Required for Trial. [L.R. 26-1(d)]**

The parties preliminarily estimate that the patent infringement and invalidity portions of each trial will take two weeks.

The parties preliminarily estimate that the Captaris trial will require one additional week to try Captaris' antitrust counterclaims.

**XII. Likelihood of Appearance of Additional Parties. [L.R. 26-1(e)]**

The parties do not presently contemplate adding additional parties to any of the Related Actions. However, j2 notes that discovery may reveal other entities having involvement in the activities forming the basis of the alleged patent infringement.

1 | **XIII. The Proposed Timing of Expert Disclosures. [L.R. 26-1(f)]**

2 | The parties' proposals for the timing of expert disclosures are set forth
3 | as part of the schedule in Part III, *supra*.

4 | Dated: October 9, 2009         Respectfully submitted,

6 | /s/ Robert A. Sacks
  | Robert A. Sacks (SBN 150146)
7 | Brian R. England (SBN 211335)
  | Edward E. Johnson (SBN 241065)
8 | SULLIVAN & CROMWELL LLP
  | 1888 Century Park East
9 | Los Angeles, California 90067-1725
  | (310) 712-6600
  | (310) 712-8800 facsimile

11 | Frank L. Bernstein (SBN 189504)
   | KENYON & KENYON LLP
12 | 333 West San Carlos Street, Suite 600
   | San Jose, California 95110
   | (408) 975-7500
13 | (408) 975-7501 facsimile

14 | *Attorneys for Plaintiff j2 Global Communications, Inc.*

17 | Dated: October 9, 2009         Respectfully submitted,

18 | /s/ Douglas L. O'Keefe
   | John C. Carey (*pro hac vice*)
19 | jcarey@crgplaw.com
   | Douglas L. O'Keefe (*pro hac vice*)
20 | dokeefe@crgplaw.com
   | CAREY RODRIGUEZ GREENBERG &
21 | PAUL, LLP
   | 1395 Brickell Avenue, Suite 700
22 | Miami, Florida  33131
   | (305) 372-7474
23 | (305) 372-7475 facsimile

24 | *Attorneys for Defendant Venali, Inc.*