LAW OFFICE OF STEVEN M. GOLDSOBEL
Steven M. Goldsobel (SBN 166405)
1900 Avenue of the Stars
Suite 1800
Los Angeles, CA 90067
Telephone: 310-552-4848
Facsimile: 310-552-9291

CAREY RODRIGUEZ GREENBERG & PAUL, LLP
JOHN C. CAREY (Admitted *Pro Hac Vice*)
DOUGLAS L. O'KEEFE (Admitted *Pro Hac Vice*)
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: 305-372-7474
Facsimile: 305-372-7475

Attorneys for Defendant
VENALI, INC.

FILED 2009 OCT 20 PM 4:29

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J2 Global Communications, Inc., | Case No. CV 04-1172 DDP (AJWx) |
| Plaintiff, | |
| vs. | **COUNTER-PLAINTIFF VENALI, INC.'S SECOND AMENDED COUNTERCLAIMS** |
| VENALI, INC., | |
| Defendant. | |

### SECOND AMENDED COUNTERCLAIMS

Counter-Plaintiff Venali, Inc. ("Venali") brings these counterclaims for declaratory judgment against Counter-Defendant j2 Global Communications, Inc. ("j2"). Based upon personal knowledge as to itself and its own acts, and upon information and belief as to all other matters, Venali alleges:

**The Parties**

1.  Counter-Plaintiff Venali is a corporation organized under the laws of the State of Florida with its principal place of business at 6100 Blue Lagoon Drive, Suite 250,

Miami, Florida 33126. Venali provides outsourced messaging services to its customers, including, without limitation, fax to email and email to fax messaging services.

2. Counter-Defendant j2 is a corporation organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California, 90028. j2 provides messaging and communications services to individuals and businesses.

### Jurisdiction and Venue

3. Pursuant to 28 U.S.C. Section 1338(a), this Court has federal question jurisdiction over this action, because the action arises under Title 35 of the United States Code relating to patents. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331, 2201 and 2202.

4. This is an action for declaratory judgment pursuant to 28 U.S.C. Section 2201 and 2202. There is an actual case or controversy regarding the validity of, and the alleged infringement of, the patents asserted in the Complaint.

5. This Court has general jurisdiction over j2 as j2 resides in this District.

6. Venue in this District is proper pursuant to 28 U.S.C. Section 1391(b).

### The Facts

7. j2 is the purported owner, by assignment, of the following U.S. patents (the "patents in suit")

   A.   6,208,638 (the "'638 patent");

   B.   6,597,688 (the "'688 patent"); and

   C.   6,350,066 (the "'066 patent").

8. Venali and j2 compete with each other to sell messaging services to consumers and companies.

9. j2 has engaged in a series of sham litigations asserting baseless patent infringement claims against numerous competitors of j2 including Venali both directly and through its subsidiary Catch Curve.

10. In this action, j2 initially alleged that Venali infringed two j2 patents. j2 later

1 purchased two additional patents and amended its complaint to allege infringement of these two additional patents as well.

11. In May 2009 j2 dismissed its allegations of infringement of one of the patents it had added to this lawsuit, leaving the three patents in suit.

12. At various times after the commencement of this lawsuit, the United States Patent and Trademark Office ("USPTO") reexamined all three of the patents in suit.

13. The USPTO rejected all of the original claims of the '638 patent and the '066 patent, requiring j2 to cancel or substantially amend all of the claims of the '638 and the '066 patents.

14. Reexamination certificates for the '638 and the '066 patents were issued on December 9, 2008 and May 5, 2009, respectively.

15. Prior to the issuance of the '638 and the '066 reexamination certificates, Venali obtained certain intervening rights, preventing j2 from asserting any infringement of the '638 or the '066 patents by Venali services being sold prior to the issuance of the '638 and the '066 reexamination certificates.

16. During the reexamination of the '688 patent, j2 failed to disclose prior art to the USPTO that was known to j2 and which would have invalidated the '688 patent.

17. Based on j2's failure to disclose known prior art to the USPTO, the '688 patent was not amended during reexamination and a reexamination certificate was issued on March 11, 2008.

18. An actual controversy exists between Venali and j2 regarding whether Venali's messaging services infringe the patents in suit. Venali believes that its services do not infringe the patents in suit, either literally or through the doctrine of equivalents and that it does not induce anyone else to infringe the patents in suit. Venali also believes that the patents in suit are invalid and unenforceable.

## COUNT I

## DECLARATORY JUDGMENT

## '638 PATENT

19. Venali realleges and incorporates by reference the responses and allegations set forth in paragraphs 1 through 16 of this Counterclaim.

20. Venali has not infringed, is not infringing, and has not induced others to infringe any valid claim of the '638 patent.

21. There exists an actual controversy between j2 and Venali regarding the validity and enforceability of the '638 patent and its alleged infringement by Venali.

22. Venali seeks a declaration that:

j2 is estopped, based on statements, representations and admissions made during prosecution of the patent applications and/or reexamination proceedings resulting in U.S. Patent No. 6,208,638 and the related reexamination certificate, from asserting any interpretation of the claims of U.S. Patent No. 6,208,638 that would cover the accused Venali services.

## COUNT II

## DECLARATORY JUDGMENT

## '688 PATENT

23. Venali realleges and incorporates by reference the responses and allegations set forth in paragraphs 1 through 16 of this Counterclaim.

24. Venali has not infringed, is not infringing, and has not induced others to infringe any valid claim of the '688 patent.

25. There exists an actual controversy between j2 and Venali regarding the validity and enforceability of the '688 patent and its alleged infringement by Venali.

## COUNT III

## DECLARATORY JUDGMENT

## '066 PATENT

26. Venali realleges and incorporates by reference the responses and allegations set forth in paragraphs 1 through 16 of this Counterclaim.

27. Venali has not infringed, is not infringing, and has not induced others to infringe, any valid claim of the '066 patent.

28. There exists an actual controversy between j2 and Venali regarding the validity and enforceability of the '066 patent and its alleged infringement by Venali.

**WHEREFORE**, Counter-Plaintiff Venali respectfully requests that:

A. The Court dismiss the Complaint with prejudice;

B. The Court enter judgment declaring the Claims of U.S. Patent Nos. 6,208,638, 6,597,688 and 6,350,066 are invalid for failing to meet the requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation Sections 101, 102, 103, 112 and 282;

C. The Court enter judgment declaring the Claims of U.S. Patent Nos. 6,208,638, 6,597,688 and 6,350,066 are invalid and/or unenforceable as a result of inequitable conduct during the prosecution and/or reexaminations of the patents;

D. This Court enter judgment declaring that Venali does not infringe and has not infringed, contributed to the infringement of, or induced others to infringe any claim of U.S. Patent Nos. 6,208,638, 6,597,688 and 6,350,066;

E. This Court enter judgment declaring that j2 is estopped, based on statements, representations and admissions made during prosecution and/or reexaminations of U.S. Patent Nos. 6,208,638, 6,597,688 and 6,350,066, from asserting any interpretation of the claims of U.S. Patent Nos. 6,208,638, 6,597,688 or 6,350,066 that would cover the accused Venali services;

F. This Court enter judgment declaring that j2's claims alleging infringement by Venali of U.S. Patent Nos. 6,208,638, 6,597,688 and 6,350,066 are barred by the doctrine of intervening rights;

G. This Court award to Venali recovery of the costs of this suit, including reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

H. This Court award to Venali such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counter-Plaintiff Venali respectfully requests a trial by jury on all issues so triable herein.

Dated: October 20, 2009

Respectfully submitted,

*[signature]*

Steven M. Goldsobel

John C. Carey (Admitted Pro Hac Vice)
Douglas L. O'Keefe (Admitted Pro Hac Vice)
CAREY RODRIGUEZ GREENBERG & PAUL, LLP
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Tel.: (305) 372-7474
Fax: (305) 372-7475
*Counsel for Defendant and Counter-Plaintiff Venali, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2009, a true and correct copy of the attached document was served via U.S. Mail on all counsel of record identified on the below Service List.

Robert A. Sacks
sacksr@sullcrom.com
Brian R. England
englandb@sullcrom.com
Edward E. Johnson
johnsonee@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067

Frank L. Bernstein
fbernstein@kenyon.com
KENYON & KENYON
333 West San Carlos Street, Suite 600
San Jose, California 95110

Attorneys for Plaintiff
j2 Global Communications, Inc.

_____
E. DURFEE