Robert A. Sacks (SBN 150146)
sacksr@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
Edward E. Johnson (SBN 241065)
johnsonee@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.:  (310) 712-6600
Fax:  (310) 712-8800

Frank L. Bernstein (SBN 189504)
fbernstein@kenyon.com
KENYON & KENYON LLP
333 West San Carlos Street, Suite 600
San Jose, California 95110
Tel.:  (408) 975-7500
Fax:  (408) 975-7501

*Attorneys for Plaintiff j2 Global Communications, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J2 GLOBAL COMMUNICATIONS, INC., <br><br> Plaintiff <br><br> v. <br><br> VENALI, INC., <br><br> Defendant. | Case No. 04-1172 DDP (AJWx) <br><br> **PLAINTIFF J2 GLOBAL COMMUNICATIONS, INC.'S REPLY TO DEFENDANT VENALI, INC.'S SECOND AMENDED COUNTERCLAIMS; DEMAND FOR JURY TRIAL** |

Plaintiff and Counterclaim-Defendant j2 Global Communications, Inc. ("j2") respectfully submits the following Reply to Defendant and Counterclaimant Venali, Inc.'s ("Venali") Second Amended Counterclaims:

### REPLY TO SECOND AMENDED COUNTERCLAIMS

1. j2 admits the allegations set forth in paragraph 1.
2. j2 admits the allegations set forth in paragraph 2.
3. j2 admits that the Court has subject matter jurisdiction over this action.
4. j2 admits that there is an actual case or controversy between the parties regarding the validity and infringement of the patents in suit.
5. j2 admits that this Court has personal jurisdiction over j2 for purposes of this action.
6. j2 admits that venue is proper in this district.
7. j2 admits that it owns U.S. Patents 6,208,638, 6,597,688 and 6,350,066 by assignment.
8. j2 admits that it competes with Venali in selling certain messaging services to consumers and companies.
9. j2 denies the allegations set forth in paragraph 9.
10. j2 admits the allegations set forth in paragraph 10.
11. j2 admits the allegations set forth in paragraph 11.
12. j2 admits the allegations set forth in paragraph 12.
13. j2 admits that the USPTO issued a reexamination certificate for the '638 Patent, confirming the patentability of Claims 1 – 22 as amended, and adding new Claims 23 – 40. j2 further admits that the USPTO issued a reexamination certificate for the '066 Patent, canceling Claims 1 – 35 and adding new Claims 36 – 57. j2 denies the remaining allegations in Paragraph 13.
14. j2 admits the allegations set forth in paragraph 14.

15. j2 neither admits nor denies the allegations of paragraph 15, as that paragraph does not allege facts but instead merely states a legal conclusion. To the extent that a response is required, j2 denies the allegations in paragraph 15.

16. j2 denies the allegations set forth in paragraph 16.

17. j2 admits that the '688 Patent was not amended during reexamination and that a reexamination certificate was issued on March 11, 2008. j2 denies the remaining allegations of paragraph 17.

18. j2 admits that an actual controversy exists between j2 and Venali about whether Venali infringes the patents in suit. j2 denies the remaining allegations of paragraph 18.

**COUNT I – DECLATORY JUDGMENT ('638 PATENT)**

19. j2 incorporates by reference its responses to paragraphs 1 through 16 as though fully set forth herein.

20. j2 denies the allegations set forth in paragraph 20.

21. j2 admits the allegations set forth in paragraph 21.

22. j2 denies the allegations set forth in paragraph 22.

**COUNT II – DECLATORY JUDGMENT ('688 PATENT)**

23. j2 incorporates by reference its responses to paragraphs 1 through 16 as though fully set forth herein.

24. j2 denies the allegations set forth in paragraph 24.

25. j2 admits the allegations set forth in paragraph 25.

**COUNT III – DECLATORY JUDGMENT ('066 PATENT)**

26. j2 incorporates by reference its responses to paragraphs 1 through 16 as though fully set forth herein.

27. j2 denies the allegations set forth in paragraph 27.

28. j2 admits the allegations set forth in paragraph 28.

# AFFIRMATIVE DEFENSES

Without undertaking any burden of proof it does not have as a matter of law, j2 alleges the following affirmative defenses. j2 expressly and specifically reserves the right to amend this Reply to add, delete, and/or modify affirmative defenses based upon legal theory, facts and circumstances which may or will be developed through discovery and/or further legal analysis of Venali's claims and j2's position in this litigation.

### First Affirmative Defense

The Counterclaim fails to state a claim upon which relief may be granted.

# PRAYER FOR RELIEF

WHEREFORE, j2 demands judgment on the Second Amended Counterclaims as follows:

A. Judgment on the Second Amended Counterclaims in favor of j2;

B. Dismissal of the Second Amended Counterclaims with prejudice;

C. An award to j2 of its costs and expenses incurred herein; and

D. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

j2 hereby demands a trial by jury on all issues so triable.

Dated:  November 1, 2009              Respectfully submitted,


/s/ Robert A. Sacks
Robert A. Sacks (Cal. Bar No. 150146)
Brian R. England (Cal. Bar No. 211335)
Edward E. Johnson (Cal. Bar No. 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California  90067-1725
(310) 712-6600
(310) 712-8800 facsimile

Frank L. Bernstein (Cal. Bar No. 189504)
KENYON & KENYON LLP
333 West San Carlos Street, Suite 600
San Jose, California 95110
(408) 975-7500
(408) 975-7501 facsimile

*Attorneys for Plaintiff j2 Global Communications, Inc.*