1  Robert A. Sacks (SBN 150146)
   sacksr@sullcrom.com
2  Brian R. England (SBN 211335)
   englandb@sullcrom.com
3  Edward E. Johnson (SBN 241065)
   johnsonee@sullcrom.com
4  SULLIVAN & CROMWELL LLP
   1888 Century Park East, Suite 2100
5  Los Angeles, California 90067-1725
   Tel.:   (310) 712-6600
6  Fax:   (310) 712-8800

7  *Attorneys for Plaintiff j2 Global Communications, Inc.*

8  

9  John C. Carey (*pro hac vice*)
   Douglas L. O'Keefe  (*pro hac vice*)
   CAREY, RODRIGUEZ,
10 GREENBERG & PAUL LLP
   1395 Brickell Avenue
11 Suite 700
   Miami, Florida  33131
12 (305) 372-7474
   (305) 372-7475 facsimile
13
   *Attorneys for Defendant Venali, Inc.*
14

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17

| 18 J2 GLOBAL COMMUNICATIONS, INC., | Case No. CV 04-1172 DDP (AJWx) |
|---|---|
| 19 | **PROTECTIVE ORDER** |
| 20         Plaintiff | |
| 21         v. | |
| 22 VENALI, INC., | |
| 23         Defendant. | |

24
25
26
27
28

The parties hereto having stipulated and agreed to the entry of a mutual Protective Order in the above-captioned matter, and the Court having found good cause in support thereof,

**IT IS HEREBY ORDERED THAT**:

1. "Confidential" information is proprietary, confidential or trade secret information which is not publicly known and which its owner would not reveal to others except in confidence. A person producing information under this Order (the "Producing Person") may designate information as "Confidential" if it believes in good faith that the information is Confidential; the designated information shall be treated as Confidential unless successfully challenged under ¶ 11. When producing documents, the Producing Person shall mark each page containing Confidential information as "Confidential."

2. "Restricted Confidential" information is highly confidential information concerning the design, structure or workings of its owner's products or systems which would, if it became known to other parties, harm the competitive position of its owner. A Producing Person may designate information as Restricted Confidential if it believes in good faith that the information is Restricted Confidential; the designated information shall be treated as Restricted Confidential unless successfully challenged under ¶ 11. When producing documents, the Producing Person shall mark each page containing Restricted Confidential information as "Restricted Confidential."

3. Any Producing Person, whether or not a party to this action, may designate information as Confidential or Restricted Confidential under this Order.

4. When a document is designated as Confidential or Restricted Confidential, the designation includes not only the document so designated, but also any information derived from that document.

5. A person receiving information under this Order (the "Receiving Person") shall use Confidential or Restricted Confidential information (together, "Protected Information") only to conduct this litigation.

6. By receiving information under this Order, all Receiving Persons agree to be subject to the jurisdiction of this Court concerning their use of Protected Information.

7. A Receiving Person may disclose Restricted Confidential information only to the following:

    a. outside litigation counsel retained by a party to this action, including attorneys, their staff, and independent companies engaged by outside litigation counsel to perform litigation support services;

    b. independent experts or consultants retained by outside litigation counsel;

    c. any person giving testimony in this action at deposition or trial, provided that such persons may not retain any documents containing Protected Information;

    d. the Court, its personnel and any court reporters involved in taking or transcribing testimony in this action; and

    e. any other person by written agreement of the parties or by order of the Court.

8. A Receiving Person may disclose Confidential information only to the following:

    a. persons listed in ¶ 7; and

    b. for Venali, Inc.: John Poncy;

        for j2 Global Communications, Inc.: Jeff Adelman.

9. Before a Receiving Person can share Protected Information with an independent expert or consultant under ¶ 7.b, the Receiving Person shall

provide the Producing Person written notice of its intention, which shall include the proposed expert's curriculum vitae as well as a list of any previous or current relationship with any party to this action. If the Producing Person objects to the disclosure, it must send a written objection, including a detailed explanation of its objection, that is received within ten business days after the Producing Person's receipt of the written notice. Absent a timely written objection, the Receiving Person may share Protected Information with the independent expert. If the Producing Person makes a timely written objection, the Receiving Person shall not share Protected Information with the independent expert until the objection is resolved by agreement or by the Court. The Producing Person must establish good cause to support its objection, and shall use all reasonable means to expedite the hearing of its objection.

10. Deposition testimony shall be deemed Restricted Confidential until thirty days following the reporter's distribution of the final transcript. During those thirty days, a Producing Person may designate portions of the transcript under ¶¶ 1 or 2 by sending written designations to all parties to this action.

11. If a Receiving Person disagrees with a designation of information under ¶¶ 1 or 2, it shall provide the Producing Person written notice of its challenge. If the parties cannot resolve this dispute, they may proceed under the Local Rules addressing discovery disputes. The Producing Person bears the burden of showing that information is Confidential or Restricted Confidential. Failure to challenge a designation immediately does not waive a Receiving Person's ability to bring a later challenge.

12. If a Producing Person inadvertently fails to designate material as Protected Information at the time of production, it shall notify all Receiving Persons of its failure within five business days of discovery. The Producing Person shall promptly supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations.

13. Local Rule 79-5.1 provides, in part: "Except when authorized by statute or federal rule, no case or document shall be filed under seal without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing." Parties to this action shall cooperate to seek the Court's approval of filing under seal any filings including Protected Information.

14. In the event that any Protected Information is used in any proceeding in connection with this litigation, it shall not lose its Confidential or Restricted Confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

15. Nothing in this Order precludes any person from disclosing or using in any manner its own information, or information not obtained under this Order, even if the same information is also produced under this Order.

16. No individual attorney who reviews Restricted Confidential Material from any party other than his or her client in this action shall engage in patent prosecution on behalf of his or her client in this action, or on behalf of any other client in the field of unified messaging, for the duration of this action, and for a period of one year following the final conclusion of this action. This restriction applies only to the individuals who actually review Restricted Confidential Material.

17. Nothing in this Order precludes any person from showing a document containing Protected Information to an individual who prepared or

received the document, or from disclosing Protected Information to a current employee, officer or director of the Producing Person.

18.  Within sixty days of the termination of litigation between the parties, all Protected Information shall be destroyed or returned to the Producing Person, except that one designated outside litigation counsel of record for each party may maintain in its files one copy of each deposition transcript, each document filed with the Court, and each document transmitted between counsel for the parties to this action.

IT IS SO ORDERED.

Dated:  __1/29/2010_____

_____
THE HON. ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE